UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

Case No. _____

---------------------------------------------------------------X
AVALON RISK MANAGEMENT
INSURANCE AGENCY, LLC

                      Plaintiff,                Pending in
                                                          United States District Court
vs.                                                        Southern District of New York
                                                          Civil No. 12-CIV-3934 (LGS)

GREGORY TAYLOR, ADELE ROSSANO,
JOHN ROSSANO, JAMES ROSSANO,
THEADORA ROSSANO, and JOHN DOES 1- 10,

                      Defendants,

---------------------------------------------------------------X

## NON-PARTIES' MOTION TO QUASH SUBPOENA SERVED ON JPMORGAN CHASE

      **COME NOW,** Movants, PHILIP DICHIARA and IVA DICHIARA (hereinafter referred to collectively as "DICHIARA" or "Movants"), by and through undersigned counsel, and respectfully request that this Court quash the subpoena issued by this Court in connection with a matter pending before the Southern District of New York Court ("SDNY Court"), captioned *Avalon Risk Management Insurance Agency, LLC v. Gregory Taylor et al*, Case No. 12-cv-3934 purportedly served upon Movants' bank, pursuant to Federal Rules of Civil Procedure 45. Specifically, as set forth in detail below, the subpoena requests are entirely beyond the scope of permissible discovery and constitute an improper fishing expedition into DICHIARA's private financial information which is wholly irrelevant to the action before the SDNY Court. Accordingly, the subpoena must be quashed, or in the alternative, narrowed in scope and a protective Order issued.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On or about May 17, 2012, Avalon Risk Management Insurance Agency, LLC ("Avalon") commenced an action in the SDNY Court, Case No. 12-cv-3934, against defendants Gregory Taylor ("Taylor"), Adele Rossano, John Rossano, James Rossano, Theadora Rossano. *See* Declaration of Katherine Christodoulatos ("Decl.") filed concurrently with this Motion. In relevant part, Avalon alleges as follows in the Complaint filed with the SDNY Court: Avalon is an insurance agent for entities involved in international trade, including freight forwarders, customs brokers and other transportation intermediaries. Decl. at ¶ 3, Ex. 1, ¶ 6. James Rossano was employed by Avalon from July 2007 until early 2012, and worked remotely from an address in North Carolina. Decl. at ¶ 3, Ex. 1, ¶ 13. This is also listed as the address for Worldwide Consulting and Trade Services ("Worldwide"), an entity which James Rossano and Taylor purportedly own, operate or otherwise employ. Decl. at ¶ 3, Ex. 1, ¶ 9, 13. Avalon alleges that the defendants "engaged in a coordinated scheme to collect insurance premiums on surety bonds utilizing customer lists and billing information of Avalon." *Id*. In particular, Avalon claimed that the Defendants obtained the names of Avalon's customers from James Rossano and other Avalon employees. Decl. at ¶ 3, Ex. 1, ¶ 16-17.

Using this information, the Defendants, under the "apparent fictitious entity Worldwide", allegedly contacted customers and potential customers of Avalon, and wrote bonds on their behalf, identifying Avalon or its affiliate as the agent for surety. *Id*. The bonds were purportedly invoiced using the billing file of other Avalon customers, who never received invoices for these bonds. *Id*. The Defendants allegedly received premiums for the issuance of these bonds from Avalon's customers. *Id*. Avalon has sought damages and/or injunctive relief from the SDNY Court for the following causes of action: (i)

misappropriation; (ii) tortious interference with business relationship; (iii) fraud; (iv) conspiracy; and (v) conversion.  Decl. at ¶ 3, Ex. 1.

Thereafter, Avalon sought permission of the Court to issue subpoenas duces tecum, prior to a Rule 26(f) conference, to those banks allegedly utilized by the Defendants as part of their conspiracy. Decl. at ¶ 4, Ex. 2.  Specifically, Avalon represented to the SDNY Court as follows:

> These narrowly-tailored subpoenas seek solely the banking records as they relate to the conspiracy alleged in the Complaint.  These records shall help to reveal the extent of the conspiracy by identifying the customers and potential customers from whom Defendants collected premiums in the name of Avalon or its affiliates.  The records shall also reveal the extent to which Defendants have utilized the fictional corporation in further of their conspiracy.

Decl., Ex. 2, p.3.[1]  No objection was raised by the party Defendants to the issuance of these subpoenas.  The Plaintiff then filed a motion with the SDNY Court seeking leave to file an Amended Complaint to add Theadora Rossano (the wife of James Rossano) as a Defendant.  Plaintiff claims that the records obtained from the banks revealed that Theadora Rossano was a "signatory on account which received money from account identified as 'belonging to' Worldwide Consulting."  *See* Decl., Ex. 2, p. 3.   On October 19, 2012, the Amended Complaint was deemed to have been filed by the Court. *See* Decl., Ex. 4.

All Defendants have appeared in the matter, and have served answers to the Amended Complaint. *See* Decl., Ex. 5.  James Rossano filed a motion to dismiss the Complaint based on lack of subject matter jurisdiction. *Id*.  The parties agreed to hold the motion in abeyance pending the completion of discovery. *Id*.  The Court subsequently issued an Order denying the motion to dismiss without prejudice to re-filing once jurisdictional discovery was complete, and set May 15, 2013 as the deadline for completion of jurisdictional discovery. *See* Decl., Ex. 6.

---

[1] The page numbers referenced in the various exhibits to the Declaration are the original pages entered by the SDNY Court CM/ECF system.

On or about July 11, 2013, Plaintiff's counsel issued a subpoena from the Southern District of Florida Court to JPMorgan Chase, 150 SE 2nd Avenue, Miami, Florida 33131 ("the Subpoena"), inappropriately seeking overly broad (neither limited in time or scope) and improper information relating to DICHIARA. *See* Decl., Ex. 7. Specifically, the Subpoena requests, *inter alia,* "any and all applications" for bank accounts submitted by DICHIARA, "any and all wire transfers" referencing DICHIARA, "any and all account statements" under the name of DICHIARA. The movants received notice of the subpoena on or about July 24, 2013.

In accordance with Local Rule 7.1(a)(3), movants' counsel contacted Avalon's counsel via correspondence and telephone, providing DICHIARA's detailed objections to the Subpoena and suggesting a compromise to narrow the scope of the request. Avalon's counsel has not provided a substantive response regarding Avalon's position, generally suggesting that a compromise by way of a Confidentiality Agreement may be possible but providing no tangible resolution. As such, and for the reasons set forth herein, the Movants respectfully request that the Court quash the Subpoena to JPMorgan Chase, or in the alternative, limit the requests and issue a protective Order.[2]

---

[2] Avalon commenced an action against, DICHIARA, among others, in April 2010, in the Supreme Court of the State of New York, County of New York. DICHIARA was an employee of Avalon for eight (8) years and subsequently became employed at Integro Insurance Brokers ("Intergro"). *See* Decl., Ex. 8. Avalon alleged that, prior to departing from Avalon, DICHIARA (and the other defendant in that matter) "engaged in a calculated and concerted effort to injure Avalon by duplicating, destroying and confiscating countless documentation and utilizing this information to enrich themselves in their new employment with Integro", which was in violation of the employment contract signed with Avalon. *Id*. Specifically, Avalon claims that this information included pricing information, customer lists, marketing and business plans, etc. *Id*. Avalon sought damages and injunctive relief for, *inter alia*, misappropriation, conversion, tortious interference with business relationship, conspiracy. Ultimately, the matter was amicably resolved and the Court issued an Order dismissing the action with prejudice. *See* Decl., Ex. 9. Notably, Avalon issued a Release to DICHIARA, releasing him from all actions, causes of actions, claims, etc. which Avalon ever had, could have, or may have against him, "from the beginning of the world to the date of this Release (whether known or unknown), including, but not limited to, the claims arising out of the matters raised or which could have been raised in the [New York Supreme Court action]." *See* Decl., Ex. 10. As such, no action can now properly be brought by Avalon against DICHIARA.

Chalos & Co ref: 2268.001           4

## ARGUMENT

## POINT I

## THE MOVANTS HAVE STANDING TO BRING THE INSTANT APPLICATION IN THIS COURT

**A. DICHIARA has Standing to Challenge the Production of Documents and Information to which he has a Personal Right.**

The Movants have standing to challenge the issuance of the Subpoena by Avalon because the Subpoena improperly seeks DICHIARA's private financial information. It is well-settled that an individual has standing to quash a subpoena where that "individual has a personal right or privilege with respect to the subject matter of the subpoena." *SubAir Sys., LLC v. Precisionaire Sys.*, 2008 U.S. Dist. LEXIS 34578, *4-5 (S.D. Fla. Apr. 25, 2008); *Westernbank P.R. v. Kachkar*, 2008 U.S. Dist. LEXIS 15369, *2 (S.D. Fla. Feb. 28, 2008) ("[I]t appears to be the general rule of the federal courts that a party has standing to challenge a subpoena when she alleges a 'personal right or privilege with respect to the materials subpoenaed.'")(*internal citations omitted*).

It is well-settled that individuals whose banking and financial records are subpoenaed have standing to move to quash the subpoena. In *Sunshine Shredding, LLC v. Proshred Franchising Corp.*, 2011 U.S. Dist. LEXIS 113165 (S.D. Fla. Sept. 30, 2011), the Court granted in part and denied in part non-parties' motion to quash a subpoena to a non-party financial institution seeking to obtain information relating to their personal finances. *See also In re Scientific-Atlanta, Inc.*, 2005 U.S. Dist. LEXIS 47634, *18 (N.D. Ga. Jan. 4, 2005) (*citing Transcor, Inc. v. Furney Charters, Inc.*, 212 F.R.D. 588, 591 (D. Kan. 2003) ("corporation has personal right with respect to its bank accounts sufficient to give it standing to move to quash subpoenas"); *Arias-Zeballos v. Tan,* No. 06 Civ. 1268(GEL)(KN), 2007 U.S. Dist. LEXIS 5068, 2007 WL 210112, *1 (S.D.N.Y. Jan. 25, 2007) ("[I]ndividuals, whose banking records are subpoenaed, have a privacy interest in their personal financial

affairs that gives them standing to move to quash a subpoena served on a non-party financial institution").

Moreover, courts have routinely held that individuals have a personal right to information contained in their employment records, including payroll information, social security numbers, and income tax information. *Barrington v. Mortgage IT, Inc.*, 2007 U.S. Dist. LEXIS 90555, *8 (S.D. Fla. Dec. 10, 2007). The Subpoena at issue seeks DICHIARA's personal financial information, including payroll and tax information. As such, it is clear that DICHIARA has standing to move this Court for an Order quashing the Subpoena, or in the alternative, modifying the Subpoena and issuing a protective Order.

**B. The Issuing Court is the Only Court with Power to Quash or Modify the Subpoena.**

The express language of Federal Rule of Civil Procedure 45(c)(3) provides that, "on timely motion, the *issuing court* must quash or modify a subpoena". Fed. R. Civ. P. 45(c)(3) (*emphasis added*); *Chick-fil-A v. ExxonMobil Corp.*, 2009 U.S. Dist. LEXIS 76431, *2 (S.D. Fla. July 24, 2009) (The court recognized that "Federal Rule of Civil Procedure 45(c)(3)(A) and (B) dictates that the issuing court is to rule on whether its subpoena should be quashed or modified.") (*citing* 9A Charles A. Wright and Arthur R. Miller, *Federal Practice and Procedure* § 2463.1 (3d ed. 2008) (Rule 45 "make[s] it clear that motions to quash, modify, or condition the subpoena are to be made in the district court of the district from which the subpoena issued. This makes considerable sense. It is the issuing court that has the necessary jurisdiction and the person served with it to enforce the subpoena."))

The Subpoena in dispute was issued from the Southern District of Florida Court. As such, this Court is the appropriate forum to consider DICHIARA's motion to quash the Subpoena.

## POINT II

## THE SUBPOENA WAS IMPROPERLY ISSUED IN THIS DISTRICT

Fed. R. Civ. P. 45(A)(2) provides that a subpoena must issue "from the court for the district where the production or inspection is to be made." Generally, "courts interpret this language principally to mean the location of the documents to be produced rather than the location specified in the subpoena." *Privitera v. Amber Hill Farm, L.L.C.*, 2012 U.S. Dist. LEXIS 72562,*7 (M.D. Fla. May 24, 2012). The Eleventh Circuit explained this requirement in *Ariel v. Jones*, 693 F.2d 1058, 1060 (11th Cir. Fla. 1982). In *Ariel*, the defendant issued a subpoena from the Southern District of Florida to non-party United States Olympic Committee's agent, CT Corporation. *Id*. The subpoenaed documents were located in the District of Colorado. *Id*. at *7-8. In analyzing whether the subpoena was properly issued, the Eleventh Circuit relied on the following reasoning of the court in *Security Mortg. Investors v. Hicks (In re North Am. Acceptance Corp.),* 1975 U.S. Dist. LEXIS 16769, *14 (N.D. Ga. Dec. 30, 1975):

> A corporation may not realistically be considered fungible everywhere it does business. Therefore, ever positing that this court has personal jurisdiction …it is unreasonable to assume that these appellants' local offices "control" all documents kept at their respective corporate…In the absence of such control, therefore, even the existence of personal jurisdiction in this court is insufficient to create jurisdiction over the documents which are outside of the district.

*Ariel v. Jones*, 693 F.2d 1058, 1060 (11th Cir. Fla. 1982).

The Eleventh Circuit ultimately determined that the District Court did not abuse its discretion in quashing the subpoena, as CT Corporation, did not "control" the subpoenaed documents, and the defendant was able to obtain the documents through another federal district Court. *Id*. *See also Gutescu v. Carey Int'l, Inc.*, 2003 U.S. Dist. LEXIS 27505 (S.D. Fla. June 24, 2003) (The court held that the subpoena was not properly issued in the Southern District of Florida, even where the subpoenaed entity did

business in the district, as "the documents which Plaintiff seeks here are not located in this District.").

Here, DICHIARA does not maintain any bank account(s) with JPMorgan Chase in the Southern District of Florida (where the subpoena was served), or anywhere in the State of Florida. *See* Decl. at ¶ 13. Any subpoena to JPMorgan Chase should be issued by the appropriate court. Based on the prevailing case law, the subpoena was not properly issued in this District, and must be quashed.

## POINT III

### THE QUASHING OF THE SUBPOENA IS WARRANTED UNDER THE CIRCUMSTANCES

A. **Legal Standard.**

Pursuant to Federal Rule of Civil Procedure 45, a subpoena *must* be modified or quashed if, among other things, it "requires disclosure of privileged or other protected matter" or "subjects a person to undue burden". *See* Fed. R. Civ. P. 45(c)(3)(A); *AF Holdings, LLC v. Doe*, 2012 U.S. Dist. LEXIS 17894, *4 (S.D. Fla. Feb. 14, 2012). Additionally, a subpoena may be quashed or modified if it requires disclosure of confidential information. *Id*.; Fed. R. Civ. P. 45(c)(3)(B).

While irrelevance and over breadth are not listed as a basis to quash a subpoena under Fed. R. Civ. P. 45, courts "have held that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26." *Barrington v. Mortgage IT, Inc.*, 2007 U.S. Dist. LEXIS 90555, *8 (S.D. Fla. Dec. 10, 2007). Rule 26 provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any parties' claim of defense…" *Id*. at *9; Fed. R. Civ. P. 26(b). Where the discovery requested appears relevant on its face, the moving party has the burden of demonstrating that the requested discovery "does not come within the scope of relevance" under Fed. R. Civ. P. 26(b). *Id*. at *10. Where relevancy of the requested documents is "not apparent, the burden is on the party

seeking discovery to show the relevancy of the discovery request." *Id*. Avalon has not met its burden of proof.

### B. The Subpoena to JPMorgan Chase Must be Quashed because it Seeks Irrelevant and Confidential Financial Information.

The Subpoena at issue seeks the production of the following documents and information from JPMorgan Chase:

1. Any and all applications for bank accounts submitted by Philip Dichiara (Philip Dichiara address is listed as 14 Honey Locust CT., Dix Hills, NY 11746), including all documents submitted therewith.
2. Any and all applications for bank accounts submitted by Philip Dichiara and/or Iva Dichiara for account number 217013885265, including all documents submitted therewith.
3. Any and all applications for bank accounts submitted by Philip Dichiara and/or Iva Dichiara for account number 774603338001, including all documents submitted therewith.
4. Any and all wire transfers, checks, deposits slips, and withdrawals referencing Worldwide Consulting, Inc.
5. Any and all wire transfers, checks, deposits slip, and withdrawals referencing Worldwide Consulting & Trade Services.
6. Any and all wire transfers, checks, deposits slips, and withdrawals referencing Universal Trade Consulting.
7. Any and all wire transfers, checks, deposits slips, and withdrawals for account number 217013885265.
8. Any and all wire transfers, checks, deposits slips, and withdrawals for account number 774603338001.
9. Any and all wire transfers, checks, deposit slips, and withdrawals referencing Philip Dichiara and/or Iva Dichiara.
10. Any and all account statements under the name of Philip Dichiara and/or Iva Dichiara reflecting any and all wire transfers, checks, deposit slips, and withdrawals from the inception to the closing of the account.
11. Any and all account statements under account number 217013885265 ref1ecting any and all wire transfers, checks, deposit slips, and withdrawals from the inception to the closing of the account.
12. Any and all account statements under account number 774603338001 ref1ecting any and all wire transfers, checks, deposit slips, and withdrawals from the inception to the closing of the account.

*See* Decl., Ex. 7. The relevance of Requests 1 – 3, and 7 – 12[3], to the action pending in the SDNY Court is not at all apparent, as the requests refer to banking applications and

---

[3] As set forth below, DICHIARA does not object to Requests 4, 5, and 6 of the subpoena, and is willing to execute a Confidentiality Agreement relating to same.

transactions related to DICHIARA's personal account(s), from their inception to the present. As such, the burden is on Avalon to demonstrate the purported relevance of these requests. *See also, NetJets Aviation, Inc. v. Peter Sleiman Dev. Group, LLC*, 2011 U.S. Dist. LEXIS 114376, \*3 (M.D. Fla. Feb. 28, 2011) ("For a court to consider permitting discovery of financial documents, the party seeking the documents "must demonstrate that the information sought is 'relevant'' as Rule 26 defines the term, and nothing else precludes disclosure.").

DICHIARA submits that Avalon cannot establish that the subpoena requests are relevant to the SDNY action. Avalon's claims arise from Defendants' purported "scheme to collect insurance premiums on surety bonds utilizing customer lists and billing information of Avalon." *See* Decl., Ex. 1. Using this information, the Defendants, under the "apparent fictitious entity Worldwide", allegedly contacted customers and potential customers of Avalon, and wrote bonds on their behalf, identifying Avalon or its affiliate as the agent for surety. *Id*. DICHIARA is not a party to, or even referenced in, the Amended Complaint or any other pleadings filed in the SDNY Action, and the Movants' personal banking information has absolutely no bearing on Avalon's claims. *Id*.

There is no justification which can be propounded by Avalon for requesting "any and all" documentation related to the *confidential bank accounts of a non-party to the SDNY action*, which do not relate to the allegations in the Amended Complaint, to Worldwide Consulting, and/or the defendants in the SDNY action.[4] Further, the requests are not limited to a specific time period; rather, they seek "any and all" documentation *ever associated with the relevant account(s)*. This is wholly improper, particularly when considering that this request encompasses information relating to DICHIARA's personal bank accounts beyond

---

[4] Parenthetically, as set forth in footnote 2, *supra*, Avalon has executed a Release, agreeing to release DICHIARA of any actions, causes of actions, claims, etc. which Avalon ever had, could have, or may have against him, "from the beginning of the world to the date of this Release (whether known or unknown)…" Therefore, no action or claim could now be asserted by Avalon against DICHIARA. Decl., Ex. 10.

the specific time frame of the allegations in the Amended Complaint filed in the SDNY Court.

The case of *Sunshine Shredding, supra,* is instructive.  In *Sunshine Shredding*, the plaintiff asserted causes of action against the defendant for, *inter alia*, breach of contract, negligent misrepresentation, violations of the Florida Franchise Act, etc. *Sunshine Shredding,* 2011 U.S. Dist. LEXIS at *1.  Defendant served a subpoena *duces tecum* on a non-party bank seeking bank records and information relating to the plaintiff company and the individual principal of the plaintiff (and his wife).  Similar to the instant matter, the defendant in *Sunshine Shredding* sought "any and all documents" relating to bank account statements and loan requests (among other information) of the plaintiff's principal, failing to provide a relevant time period. *Id*. at *2. Defendant argued that this information was relevant to two (2) of its affirmative defenses. *Id*.  The *Sunshine Shredding* court recognized that "financial documents are generally considered confidential because they implicate a party's privacy interests", and that a subpoena may be "quashed 'if it calls for the production of clearly irrelevant matters.'" *Id*. at *5. (*internal citations omitted*).

After reviewing the requests at issue, the *Sunshine Shredding* court determined that they largely sought confidential and irrelevant information. *Id*.  In modifying these requests to omit any reference to the bank information of the plaintiff's principal, the court reasoned that "any marginal relevancy that confidential bank documents relating solely to Mr. and Mrs. Williams [plaintiff's principal] may have to the underlying action is outweighed by the sensitive and private nature of such records." *Id*. at *7.  The facts of the instant matter are strikingly similar: Avalon's overly broad requests to a non-party bank seek DICHIARA's confidential bank information, which is not relevant to the SDNY matter.  We respectfully

submit that this Court should follow the well-reasoned *Sunshine Shredding* decision, and grant DICHIARA's motion to quash.[5]

As non-parties whose confidential bank information has no bearing on the claims in the SDNY action, the Movants should not be subject to an unwarranted fishing expedition into their personal finances. *See, Barrington, supra*, 2007 U.S. Dist. LEXIS 90555 (Court quashed the subpoenas where the issuing party "failed to meeting its burden of establishing that the documents sought by the subpoena…are relevant to any claim or defense herein…[and that' the document requests of the subpoenas are overly broad on their face."); *see also, Goulet v. Mederi Caretenders VS of SW FL, LLC*, 2011 U.S. Dist. LEXIS 20656, *2 (M.D. Fla. Feb. 14, 2011) ("A subpoena may be quashed if it calls for the production of clearly irrelevant matters."). Accordingly, DICHIARA respectfully requests that the Court quash the Subpoena, or in the alternative, modify same to expressly prohibit the discovery of DICHIARA's personal banking information, including bank applications, account statements, and wire transactions which do not reference Worldwide Consulting, Worldwide Consulting & Trade Services, or Universal Trade Consulting.

DICHIARA does not object to Requests 4, 5, and 6, which demand documents related to Worldwide Consulting, the entity allegedly involved in the "scheme" established by the defendants in the SDNY matter.

### C. A Protective Order Must Be Issued.

If the Court is inclined to permit disclosure of any documents under the Subpoena, DICHIARA respectfully submits that the issuance of a protective order is necessary to safeguard its confidential banking records. The "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or

---

[5] While the court in *Sunshine Shredding* modified the subpoena, it is relevant that the requests therein sought bank documents and information as to the plaintiff company in that action, and not just the plaintiff's principal. *Id*. Those requests for confidential and irrelevant information relating to the plaintiff's principal were omitted, and the requests for bank information of the plaintiff remained. *Id*.

expense." Fed. R. Civ. P. 26(c)(1). As the party seeking the protective order, the burden is on DICHIARA "to demonstrate good cause for its issuance." *Leor Exploration & Prod., LLC v. Aguiar*, 2013 U.S. Dist. LEXIS 1087, *13 (S.D. Fla. Jan. 2, 2013). District courts have applied a "balancing of interests approach" in evaluating requests for issuance of protective Orders, which requires the district court to "a court should balance the non-moving party's interest in obtaining discovery and preparing for trial against the moving party's proffer of harm that would result from the [discovery]." *Chi. Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1313 (11th Cir. Ga. 2001); *Paxton v. Great Am. Ins. Co.*, 2009 U.S. Dist. LEXIS 122600, *18 (S.D. Fla. Dec. 16, 2009).

As set forth in detail in Point III(B) *supra*, the documents and information sought by Avalon are overly broad and not relevant to the SDNY action. Thus, Avalon has virtually no interest in obtaining the discovery. Conversely, the Movants have a privacy interest in their personal financial documents, which courts consider to be confidential. *Sunshine Shredding, supra.*, 2011 U.S. Dist. LEXIS 113165 (citing *Solow v. Conseco, Inc.*, No. 06-5988, 2008 U.S. Dist. LEXIS 4277, 2008 WL 190340, at *4 (S.D.N.Y. Jan. 18, 2008)). Additionally, District Courts within the State have consistently acknowledged that "Florida protects an individual's expectation of privacy in financial records." *Ochoa v. Empresas ICA*, 2012 U.S. Dist. LEXIS 111177, 2012 WL 3260324, *6 (S.D. Fla. Aug. 8, 2012); *Shipboard Elec. & Air, Inc. v. Newcastle Shipyards, L.L.C.*, 2012 U.S. Dist. LEXIS 140815 (M.D. Fla. Sept. 28, 2012). Balancing DICHIARA's privacy interest in their personal banking records with Avalon's unfounded subpoena requests, it is evident that a protective order is necessary. Courts have issued protective orders under similar circumstances. *See Sunshine Shredding, supra.*, 2011 U.S. Dist. LEXIS at *9 (The court determined that a protective Order should apply to a subpoena request related to an individual's banking information); *Hope for Families & Cmty. Serv. v. Warren*, 2009 U.S. Dist. LEXIS 5253 (M.D. Ala. Jan. 26,

2009)(citing *CEH, Inc. v. FV "Seafarer,"* 153 F.R.D. 491, 499 (D.R.I. 1994) (Court determined that a party's interest in nondisclosure and confidentiality of its financial records "can be adequately protected by a protective order.")).

### D. Movants Hereby Request Sanctions.

Federal Rule of Civil Procedure 45(c)(1) provides that:

> [a] party or attorney responsible for issuing and serving a subpoena <u>must</u> take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court <u>must</u> enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

Fed. R. Civ. P. 45(c)(1) (emphasis added); *Leor Exploration & Prod., LLC v. Aguiar*, 2013 U.S. Dist. LEXIS 1087, *14 (S.D. Fla. Jan. 2, 2013).

Courts within this District and the Eleventh Circuit have routinely awarded a movant's costs associated where responding to a subpoena imposed an undue burden or expense. In *United Techs. Corp. v. Mazer*, 2007 U.S. Dist. LEXIS 17981, *13 (S.D. Fla. Mar. 14, 2007), the court determined that the subpoena imposed an undue burden, and awarded the party opposing discovery its "reasonable attorneys' fees incurred in responding to the subpoena pursuant to Fed.R.Civ.P. 45(c)(1)." *See also, Thompson v. Carrier Corp.*, 2009 U.S. Dist. LEXIS 97322 (M.D. Ga. Oct. 21, 2009) (Where the plaintiff "served two improper subpoenas" and "made *no* effort to avoid undue burden or expense on Defendant," the Court concluded that the Defendant was entitled to reasonable attorneys' fees incurred in bringing a motion to quash.); *Cincinnati Ins. Co. v. Cochran*, 2005 U.S. Dist. LEXIS 44806 (N.D. Fla. Sept. 22, 2005) ("It is the standard practice in this Court for the losers in discovery disputes that are not based on reasonable grounds to have sanctions imposed.").

As a result of Avalon's failure to address the breadth of the Subpoena issued and Movants' necessity to issue this Motion to protect itself, the Movants' have incurred attorney's fees and costs in the drafting and filing of this Motion and the accompanying

Declaration. Movants are prepared to issue a second Declaration to support the attorney's fees and costs incurred, should this Court grant its Motion in full or in part.

For the foregoing reasons, Movants respectfully request that the Court enter the attached order *(Exhibit 1)* holding the Subpoena issued by Avalon improper and either quash the subpoena or limit its scope. This proposed order will also be forwarded to the Court under separate cover, once a judge is assigned and pursuant to S.D. Fla. L.R. CM/ECF 3I(6).

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the Movant has conferred with all parties who may be affected by the relief sought in this Motion in a good faith effort to resolve the issues but has been unable to satisfactorily resolve the issues.

## CONCLUSION

WHEREFORE, Movants respectfully request that the Court: (i) grant their motion to quash Avalon's Subpoena to JPMorgan Chase pursuant to Fed. R. Civ. P. 45, or in the, alternative, modify the subpoena to prohibit the disclosure of Movants' personal banking information; (ii) issue a protective order pursuant to Fed. R. Civ. P. 26, as to any disclosure required pursuant to the Subpoena; (iii) award Movants their reasonable expenses and attorneys' fees incurred in bringing this motion pursuant to Fed. R. Civ. P. 45; and (iv),grant such other and further relief as it deems just and proper under the circumstances.

          Respectfully submitted,

          CHALOS & CO, P.C.
          *Attorneys for Movants*

            s/ Michelle Otero Valdes
          Michelle Otero Valdes
          Florida Bar No. 14990
          141 Almeria Avenue
          Coral Gables, Florida 33134
          Tel: (305) 377 3700
          Fax: (866) 702 4577
          E-mail: mov@chaloslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system on this 5th day of August 2013, and the foregoing document is being served this day on all counsel of record or pro se parties on the attached service list, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:     s/ Michelle Otero Valdes
        Michelle Otero Valdes

**AVALON RISK MANAGEMENT INSURANCE AGENCY, LLC v.
GREGORY TAYLOR, et al.,
Case Number: PENDING
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

**SERVICE LIST**

Andrew R. Spector, Esq.
Arnall Golden Gregory, LLP
2 South Biscayne Blvd., Suite 2690
Miami, Florida 33131
Tel: 305.537.2002
Fax: 304.537.2003
Email: Andrew.spector@agg.com


JP Morgan Chase
Attn:   Legal Processing Department
Fax: 317.757.7421/817.399-5481