UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: **13-22800-CIV-MORENO**

AVALON RISK MGMT. INS. AGENCY,

    Plaintiff,

vs.

GREGORY TAYLOR, ADELE ROSSANO, JOHN ROSSANO, JAMES ROSSANO, and THEADORA ROSSANO,

    Defendant.

_____/

## ORDER GRANTING NON-PARTIES PHILIP AND IVA DICHIARA'S MOTION TO QUASH

This case, stemming from an action in the Southern District of New York, is before this Court on non-parties Philip and Iva Dichiara's (collectively "Movants") renewed Motion to Quash Subpoena. On July 11, 2013, this District issued a subpoena to J.P. Morgan Chase Bank to produce Movants' Philip and Iva Dichiara's financial records. Philip Dichiara worked at Plaintiff Avalon Risk Management Insurance Agency from at least 2002 through 2010 in positions of leadership. He is also Defendant James Rossano's cousin. The subpoena was issued in Florida, despite the fact that the action occurs in the Southern District of New York and the Dichiaras live in New York and neither live in nor do business in Florida. Plaintiff contends that the subpoena was issued in this district because J.P. Morgan Chase instructed Plaintiff to serve the branch manager of any local branch office of J.P. Morgan Chase. Pl. Resp. 9. This Court held a hearing on **February 14, 2014**. For reasons more fully discussed below, the non-Parties' Motion to Quash is GRANTED. Plaintiffs are given leave to refile their subpoena in the Southern District of New York before the Judge presiding

over the case. Ultimately, this discovery request, stemming from a New York action and involving the financial records of a New York non-party, belongs in New York.

## I. Background

This case arises out of an action in the Southern District of New York. Plaintiff Avalon Risk Management Insurance Agency ("Avalon") has alleged that Defendants ran a conspiracy where they sold surety bonds in Plaintiff's name to Plaintiff's customers and charged premiums many times higher than Plaintiff would actually charge, siphoning money from customers and from Plaintiff by using multiple fictitious entities and numerous co-conspirators. Defendant James Rossano is allegedly the leader and mastermind of this fraud, and Plaintiff alleges he used organizational names including Worldwide Consulting, Inc., Worldwide Consulting and Trade Services, and Universal Trade Consulting to further the scheme.

Plaintiff's theory is that extensive disclosure of the Dichiara's financial records is necessary "to determine the scope of the illicit activities conducted by Rossano, and to track the money, to the extent possible, that was derived therefrom." Plaintiff has provided the Court with three transactions between James Rossano and Philip DiChiara which the Movants do not dispute: (1) In August 2006, Philip and Iva DiChiara sent a check from their Chase bank account to James Rossano in the amount of $1,200. James Rossano testified in his deposition that Philip Dichiara often lent him money. (2) On March 24, 2008, a check for $9,400 from the Worldwide Consulting bank account to James Rossano was deposited in Rossano's personal bank account. That same day, James Rossano wrote a check for $9,400 to Philip DiChiara, who deposited it into his JP Morgan account. (3) On September 24, 2011, James Rossano withdrew $7,000 in cash from the Worldwide Consulting SunTrust bank account. $6,000 in cash was then deposited into the personal SunTrust bank account

of James and Theodora Rossano. $6,000 was then wired to Philip DiChiara.

The parties engaged in negotiations to narrow the scope of the subpoena, but negotiations broke down regarding the wording of a confidentiality provision. Nevertheless, Plaintiff filed a proposed Agreed Order on Motion to Quash[1] listing 13 distinct categories of financial record. In the aggregate, Plaintiff is seeking any and all applications for bank accounts, wire transfers, checks, deposit slips, withdrawals, and account statements from January 1, 2006 to the present made under either of two bank account numbers or in the names of Philip or Iva Dichiara.

Of the 13 requests for financial records sought, Movants now consent to seven of them. The consented documents are "any and all wire transfers, checks, deposit slips, and withdrawals referencing" Worldwide Consulting, Inc., Worldwide Consulting and Trade Services, Universal Trade Consulting, James Rossano, John Rossano, Theadora Rossano, and Gregory Taylor from the period of July 1, 2006 to present. The Movants have also stated that they would agree to produce records involved in any cash transactions from the period July 1, 2006 to present. In addition to these documents, Plaintiffs ask for (1) any and all applications for bank accounts made by Movants, (2) any and all wire transfers, checks, deposit clips, and withdrawals from the time period January 1, 2006 to present, whether or not the parties in the Southern District of New York are concerned, and (3) all of Movants' account statements from January 1, 2006 to present.

## II. Analysis

On December 1, 2013, a new version of Rule 45 entered into effect. Among other changes, the Rule changed the issuing Court for a subpoena. *Compare* Fed. R. Civ. P. 45(a)(2) ("a subpoena

---

[1] Because of the breakdown over the confidentiality provision, Movants did not agree to the terms of the proposed Order.

must issue from the court where the action is pending") *with* Former Fed. R. Civ. P. 45(a)(2)(c) ("A subpoena must issue: . . . for production or inspection, if separate from a subpoena commanding a person's attendance, from the court for the district where the production or inspection is to be made."). The subpoena in this case was issued on July 11, 2013. Movants filed their first Motion to Quash on August 5, 2013, and they filed their renewed motion to quash on September 23, 2013. To the extent the Court will determine whether the subpoena was properly issued, it applies Former Rule 45 and not current Rule 45. *See, e.g., Brown v. Brown*, 2014 WL 172407 (N.D. Cal. January 15, 2014) (applying Former Rule 45 to subpoena issued on September 6, 2013); *Chapman v. Hiland Operating, LLC*, 2013 WL 6843473 (D.N.D. Dec. 26, 2013) (applying former rules to Motion to Quash Subpoena). In ruling on the Motion to Quash, however, the Court applies the recently amended Rule 45. *See JTR Enters., LLC v. An Unknown Quantity of Colombian Emeralds, Amethysts, and Quartz Crystals*, 2013 WL 6570941 at *1-2 (S.D. Fla. Dec. 10, 2013) (Torres, J.) (applying new rule 45 to motion to quash subpoena issued February 22, 2013).

### A. Motion to Quash

Under Rule 26(b), a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. R. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* Rule 45 provides that, upon a timely motion, a district court must quash or modify a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies;" or "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iii)-(iv). An individual has standing to quash a subpoena where she "has a personal right or privilege with respect to the subject matter of the subpoena." *SubAir Sys., LLC v. Precisionaire*

*Sys.*, 2008 U.S. Dist. LEXIS 34578 at * 4-5 (S.D. Fla. April 25, 2008). "Financial documents are generally considered confidential because the implicate a party's privacy interests." *See Sunshine Shredding, LLC v. ProShred Franchising Corp.*, 2011 U.S. Dist. LEXIS 113165 at *5 (S.D. Fla. September 30, 2011) (Cooke, J.).

From the issuance of the *subpoena duces tecum* to JPMorganChase on July 11, 2013 to the proposed Order submitted by Plaintiff, the scope of the of the documents sought to be produced has been substantially narrowed. Thus, this Order will address the documents in the proposed Order and not in the subpoena. As discussed above, the Movants have consented to produce requests (d)-(j) in the proposed order, as well as records involving cash transactions. Thus, the dispute concerns requests (a), (b), (c), (k), (l), and (m).

Requests (a)-(c) can be discussed together. Request (a) asks for "any and all applications for bank accounts submitted by Philip DiChiara and/or Iva DiChiara." Requests (b) and (c) are the same except that they ask for the paperwork related to bank accounts ending in -5265 and -8001, respectively. As an initial matter, it is unclear why the specific bank accounts sought in (b) and (c) would not be covered under the broader scope of (a). Plaintiff has made no showing as to how the bank account applications of a non-party, some of which may have occurred years or decades before the events in question, would possibly lead to admissible evidence. Because the Court finds that they impose an undue burden, these requests are QUASHED.

Likewise, Requests (k)-(m) can be discussed jointly. Request (k) asks for "any and all account statements under the name of Philip DiChiara and /or Iva DiChiara reflecting any and all wire transfers, checks, deposit slips and withdrawals for the period between July 1, 2006 and the

present."[2] Request (l) seeks all account statement ending in -5265 and (m) wants all account statements for account -8001.These requests are overly broad. *See Sunshine Shredding, LLC v. ProShred Franchising Corp.*, 2011 U.S. Dist. LEXIS 113165 at *6. Plaintiff's theory is that because James Rossano and Philip Dichiara sent each other money at least three times over a five year period, and because many of Rossano's transactions involved cash, extensive and invasive discovery into the Movants' financial records is necessary to track the money and "match up" the cash withdrawals of the defendants to the bank accounts of the Movants. The Plaintiff, however, fails to explain how this expanded discovery is relevant. The Movants have consented to produce all "any and all wire transfers, checks, deposit slips, and withdrawals" referencing the Defendants. Movants have also consented to produce records involving cash transactions. Thus, there seems to be no relevant information that would not otherwise be produced under what Movants have already consented to produce. Therefore, the Court QUASHES requests (k), (l), and (m).

### B. The Subpoena was Properly Issued

Under Former Rule 45(a)(2), "A subpoena must issue: . . . for production or inspection, if separate from a subpoena commanding a person's attendance, from the court for the district where the production or inspection is to be made." Movants contest the issuance of the subpoena in this district.[3] However, movants arguments should fail to sway this Court. Under former Rule 45, the proper court to issue a subpoena was the Court where to documents to be produced were located. *See Ariel v. Jones*, 693 F.2d 1058, 1060 (11th Cir. 1982).

---

[2]Plaintiff now asks that the date in question be January 1, 2006.

[3]Neither party has addressed the change to Rule 45. Under Rule 45 as recently amended, the Subpoena should be issued from the Southern District of New York, "where the action is pending." However, the subpoena was issued before that rule took effect.

In the case at bar, Plaintiff chose to issue a subpoena on J.P. Morgan Chase in this district after consulting the J.P. Morgan Chase, who instructed Plaintiff to serve the branch manager of any local branch office of J.P. Morgan Chase. Movants have argued that service in this district is improper because the office that handles subpoena requests is located in Dallas, Texas. This argument is unpersuasive. The test is whether the party to produce the documents "controls" them in the district where the subpoena was issued. *Id.* at 1061. Movants have made no showing that the documents to be produced are not "controlled" by J.P. Morgan Chase in this district. Nor is there evidence that they are not controlled in New York. Thus, the Court finds that the subpoena was properly issued. Indeed, J.P. Morgan Chase itself has not made those arguments or otherwise objected to the subpoena.

### C. Sanctions are Not Appropriate

Rule 45(d)(1) (formerly Rule 45(c)(1)) provides that

> A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction . . . on a party or attorney who fails to comply.

Fed. R. Civ. P. 45(d)(1). Both the Movants and the Plaintiff have asked for sanctions. The original subpoena had 12 categories of documents. The parties negotiated until they arrived at the narrowed 13 categories in the proposed order. Of those, the Movants consent to seven, plus cash transactions. Because of the long negotiations and the narrowing of the subpoena, evidenced by the fact that the Movants now consent to over half the requests, it cannot be said that the Plaintiff did not take "reasonable steps to avoid imposing undue burden or expense" on the Movants. Thus, the Court will not impose sanctions on the Plaintiff in favor of the movant.

In its response brief, Plaintiff for the first time asks for Sanctions. It makes the request pursuant to Rule 37. However, a court cannot impose sanction under Rule 37 for conduct governed by Rule 45. *See Bailey Indus., Inc. v. CLJP, Inc.*, 270 F.R.D. 662, 672-73 (N.D. Fla 2010) (discussing cases). Further, Plaintiff has not made a motion to compel production of documents and is not the prevailing party in the current motion. For the reasons, sanctions in favor of Plaintiff are inappropriate.

## III. Conclusion

THIS CAUSE came before the Court upon Non-Parties' Philip and Iva DiChiara's Renewed Motion to Quash **(D.E. No. 16)**, filed on **September 23, 2014**.

THE COURT has considered the motion, response and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion to quash is GRANTED. Plaintiffs are given leave to refile in the Southern District of New York before the Judge presiding over the case. Plaintiff's Motion for Sanctions is DENIED. Movants' Motion for Sanctions is DENIED. All other pending Motions are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this 27 day of February, 2014.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record